Move on to our final case Which is 24-1187 Hierholzer versus Guzman Mr. Roper Good morning, your honors and may it please the court My name is Glenn Roper on behalf of plaintiffs Marty Hierholzer and his company MJL Enterprises The Small Business Administration's 8a business development program provides unique benefits including set-aside federal contracts business development assistance and access to surplus federal property To participate in the program a small business owner must be socially disadvantaged, which is a term of art Defined as those who have been subjected to racial or ethnic prejudice or to cultural bias The SBA presumes that certain business owners are socially disadvantaged based on their race or national origin and the vast majority of program Participants enter the program under this presumption Mr. Hierholzer does not qualify for the presumption Twice now he has applied for the program and both times he was denied because SBA two parts socially disadvantaged and economic disadvantage Yes, yeah Economically disadvantaged absolutely your honor. I'm happy to where is that alleged in the So his economic disadvantage is included in a declaration that he submitted in response to the motion to dismiss So it's not alleged in the complaint It's not directly alleged in the complaint But under 12 b1 the court can consider matters outside the the complaint to determine subject matter Jurisdiction and the district court did consider his declaration In the JAS the declaration again, I believe it's pages 94 and 95 of the joint appendix I'm sorry I Believe it would be a facial challenge because it's it's Challenging this race-based presumption Prospectively as opposed to challenging a specific application of it to mr. Hierholzer But I'm not sure if that's alleged specifically as to whether it's facial or as applied I think the proper way to think of it is as a facial challenge The district court here Concluded that plaintiffs lacked standing and that the case was moot and this court should reverse both holdings as for standing Plaintiffs allege a well-recognized equal protection injury and that is an unequal barrier in application for a government benefit The Supreme Court in city of Jacksonville confirmed that the constitutional injury in a case like this is the barrier when That makes it more difficult for members of one race to be to have access to the the benefit than members of a different group different racial group the Supreme Court specifically said that you do not have to show they would actually obtain the ultimate benefit here entry into the program to be able to allege a a unconstitutional injury you You concede that ultimately even if we were to rule in your clients favor that they wouldn't be able to obtain the benefit Or do you think that that he would I? Believe that well, it would depend what it would do is it would give him the opportunity to apply without having an unconstitutional barrier Under the race-based presumption now, we believe that mr Hierholzer does qualify as socially disadvantaged and that's why twice he has applied for the program and He is also economically He has not And I don't think that's relevant for standing purposes as standing is determined as of the time the complaint was filed and there's nothing in the standing doctrine that says you have to reapply later on in order to be to have standing to to challenge the presumption the reason I ask that question is because I don't necessarily disagree with you that the ability to compete is something that is that is it's an injury, but That you can't decide that in the abstract or maybe you can because if it's the ability to compete With the understanding that no matter how hard you compete you're never going to get there Then do we really have a case in controversy? Well the city of Jacksonville case I think determines that and and that is the injury is this unequal barrier if that injury if that Barrier is removed then the injury has been redressed and at that point mr Hierholzer could apply to the program without this race-based presumption that creates an unequal barrier Now the government argues that to have standing he has to show that he is both socially and economically disadvantaged But but that would be to show that he is entitled to the ultimate benefit of admission into the program Which is precisely what city of Jacksonville held is not required? I think there are also other problems with the government's argument it as for social disadvantage It simply makes no sense to say you have to prove social disadvantage in order to challenge the presumption of social Disadvantage under which you would not have to show a social disadvantage if he were admitted into the I'm sorry if he qualified under the under the presumption In fact if a plaintiff can already prove social disadvantage to SBA's satisfaction That's when they arguably would have a standing problem because they're the presumption does not pose any barrier to them They don't need it to access the program ask you a question about the the Bakke decision And you mentioned Jacksonville, and I wonder if Jacksonville Abrogates Bakke or maybe Bakke didn't really address this because in Bakke it's more it's it's more logical to understand why a program that sets You know a preference or even a quota for a limited number of seats or particular in this case a medical school Might alter the outcome for mr. Bakke but in your clients case the program sets these objectives which don't change Even if you win, so there's not a lesson. They're still the same people applying he's up He can apply, but if the reality is that no matter how many times he applies the result won't be any different I? Guess I go back to that same question. Why is there a case in controversy? Well, I think it's unclear What would happen without the presumption most of the participants in the program enter under the presumption and if that is done away with? SBA would have to do something in in Filling the the program and we've alleged that the they would it would be easier They would they would change the the criteria or view them differently But but regardless, I think all that all is that you say you alleged is that spec you I mean you're speculating right? We don't know what they're gonna do That's true. We don't know exactly how they would would respond to it, and that's why all we need to allege We don't need to allege How they would deal with with the program if there was a final decision? Eliminating the race-based presumption. We just have to allege that there's a barrier and that this court can redress that barrier And does it matter how far removed the applicant would be to the programming the government? Raises or miss Guzman raises the notion of someone who clearly is just Out on a frolic and goes and applies Is there any? Barrier to that person having a legitimate case of controversy or grievance. Sure I think the court has the ability to look at whether someone is genuinely interested in the program or maybe there are you know, the court could take judicial notice that they don't even own a small business and therefore could not possibly be Be genuinely interested in the program. That's not the case here. Mr. Here holds her has applied twice He wants to be in this program. All his company does is government contracting? And so this is far removed from a situation a speculative situation about somebody who who really isn't genuinely interested in the program? Or doesn't have a small business that could conceivably qualify. I Would also like to address the economic disadvantage piece and I think it's important to keep in mind that economic disadvantage That inquiry doesn't even arise until after social disadvantage is established and we haven't challenged the economic disadvantage Criterion here and the government hasn't cited any cases holding that to be able to challenge the race based presumption First you have to establish economic disadvantage the Specifically the unpublished SRS technologies case from this course court did not hold anything about a pleading requirement there it said that the There there was no injury caused by the race based presumption because the company actually qualified due to the owners race for the race based presumption Now even if economic advantage did need to be shown plaintiffs here are economically disadvantaged Mr. Here holzer submitted a declaration showing that he meets the income net worth and asset value Restrictions which are the only three things that SBA looks at in determining whether someone is socially disadvantaged Now what the government says is that declaration is insufficient because there's this exception in the regulation Where SBA can add back in the value of certain asset transfers to family members for less than fair market value and Mr Here holzer's declaration doesn't say anything about asset transfers Now to be clear the government does not say that there were any such transfers In fact has not introduced any evidence of transfers or to contradict. Mr Here holzer's declaration in any way what the government is saying is that as a matter of law It is not even plausible that he is economically disadvantaged unless his declaration Affirmatively said there are no asset transfers to immediate family members in the past two years for less than fair market value Not for a special occasion Not for essential support and which if added back into his other assets would exceed the six point five million dollar threshold Now if that was a little bit hard to follow That's because it is far more than is required at this stage At the motion to dismiss stage all we need are general factual allegations that make it plausible that he was injured so even if economic disadvantage needed to be shown that's that's been done and and The all reasonable inferences also need to be taken in plaintiff's favor the reasonable inference from his assertion that he satisfies the asset Restriction is that he satisfies it under any criteria SBA would apply including this transfers to family members restriction You The government's Detailed intricate pleading standard in requiring that he that he meet this asset transfer have some allegation about that Simply goes far beyond what is required at this stage In fact that goes beyond what would even be required to create a genuine issue of fact at the summary judgment stage Let alone here at the motion to dismiss Unless the court has additional questions about standing. I'll briefly address mootness the The government's brief I think concedes that the district court was incorrect in finding this case move the government bears a formidable burden That's the language from from this court to establish mootness And I think they've conceded it hasn't that is not apply here unless the ultimate court goes to final judgment and the exhaustion of all appeals or if the government concedes that the Presumption is unconstitutional and changes its regulation then maybe we'd have a mootness issue, but at this point This court should reverse both of those holdings effective Right now none other than to I think enhance the plausibility of plaintiff's assertion that the Sure eventually if ultimately reach the final judgment and all appeals were exhausted or the government Affirmatively notified the court it did not attend to appeal and conceded and constitutionality that could result in the mootness of this Hold this in abeyance Not at all your honor. I don't think that would be Nobody's asked for a stay all we have is a non-final judgment It was a question whether you asked for what I'm just saying we got a matter here You're telling me you got a preliminary injunction that could go to a permanent one that could affect this case Why would we issue decision knowing that case is out there? It could be contrary to it could be whatever, but why wouldn't we just hold it in abeyance? I think that happens all the time that you have cases addressing similar issues in different circuits and districts across the country Which where you're going with it, and I'm asking why wouldn't we hold this in abeyance? I think here what we have is is simply a non-final district court case Decision in another circuit this court has the the duty to exercise its jurisdiction Here to review what the district court ruled here, which I think is The the Ultima injunction I do my understanding it was a nationwide Injunction that's the key normally we don't much care. What a district court No one when it gives a national ruling, and it's it's there We already have the preliminary injunction that pretty much got what you want I guess I mean the fact that you don't have that presumption there anymore Well well we don't know what's going to happen in that case And we don't know whether the government is going to seek to overturn the injunction on appeal And I think the fact that that district court issued an injunction does not freeze We don't know what's going to happen in that case, but it could impact what we're deciding here, so why not hold it in abeyance I? Think that That's that's my understanding That's typically not the the case the fact that a district court somewhere issued an injunction does not certainly does not Yeah That happens, but I think you know we don't know how the government is going to treat that We don't know if they're going to appeal it, and there's certainly nothing getting in the way of this court Exercising its jurisdiction to review the district court You you wanted to go the other way, but we could I don't know of something that would stop this court But but we don't think it would be appropriate and we think that plaintiffs here deserve to have their claims go forward That's the beauty of life tenure. We can do a lot of things If there are no further questions now, I'll yield the remainder of my opening. Thank you, sir Thank you It's noble May it please the court Ellen noble for Isabel Guzman in the small business administration We contend plaintiffs have failed to allege any element of article 3 standing But the easiest way to resolve this case is on redress ability the very relief plaintiffs seek the removal of that race-based presumption already happened over a year ago and As a result now all applicants have to make an individualized showing of social disadvantage and economic disadvantage But plaintiffs have already twice failed to make that showing there are no different a position today than they were when they previously applied to the program to in 2016 and Tellingly in the year since the presumptions been eliminated Plaintiffs have not reapplied to the program because they failed to allege that they can satisfy those race-neutral Eligibility requirements for the 8a program. Their injury cannot be redressed As of whether they have in fact met those criteria social Disadvantage of economic. It's no longer the equal protection argument. It's no longer there by ultimates termination I'm sorry, I'm not trying to know where's the From Ultima's determination of the preliminary if it becomes the law does that get rid of the constitutional question? I Think if there's a final judgment in Ultima We would then have to decide whether or not the case is moot or not, and I don't think that determination has been made but for now I think we do have an article 3 constitutional question before us as to whether or not these plaintiffs have standing and That as an initial matter the plaintiffs need to establish that the absent presumption They would be admitted to or at least more likely to be admitted to the 8a program the injury that they're alleging arises from their exclusion from the 8a program not from the Existence of the 8a program and that's important because that's why meeting the race-neutral Eligibility criteria is necessary in this case. How is this case different from Jacksonville? So Plaintiffs are trying to take the theory of competitive injury in city of Jacksonville and then apply it to the 8a admissions process But there are two problems with that First the 8a admissions process to get admitted isn't a competition It's not a zero-sum game You either meet the criteria to get in or you don't so the notion that it can be harder or less hard Doesn't make sense in this context because they simply don't satisfy the eligibility requirements and second to answer Your question Chief Judge Diaz as to does it matter if no matter how hard you compete you can never get in It certainly does and city of Jacksonville actually answers that question In city of Jacksonville the plaintiffs it wasn't enough just to allege a competitive injury They had to say that they were ready and able to bid on contracts in other words They had to be viable contenders for that opportunity that they were competing for Same here They have to be eligible for the 8a program to Allege any kind of competitive injury to get admitted to the 8a program And they can't do that because they're not they have failed to allege that they're socially and economically disadvantaged on the other side says that it might be the case that a Decision in their favor, and I guess they have one in terms of the national injunction might prompt the government to change the requirements I What do you think about that? I I think it's odd because this is actually not a case where to determine redress ability you have to imagine What would the world look like if clean plaintiffs relief were granted? We live in that world over a year ago. The presumption was completely eliminated from the entire program In turn in as a matter of practice to comply with the injunction in Ultima And so we may leave it not permanently eliminated There is no final judgment in Ultima right and we're not contending that this case is moot But I think because we know exactly what will happen. It's not unclear Everyone will have to make an individualized showing and the reason that's true is because they're challenging the presumption in a regulation but the statute Requires that there be an 8a program with members that are both socially and economically disadvantaged So those basic statutory requirements to become members of Beneficiaries of the 8a program aren't going away Just the presumption is eliminated and they're left in the exact same position that they started in their injury can't be redressed And I think it's also now opposing counsel says that his Allocation or his declaration about economic disadvantage is is enough that it doesn't matter that it wasn't included in the complaint And the fact that the district court considered it in the motion to dismiss what's your view on that? the primary issues that plaintiffs are are failing to recognize that SBA raised a Factual challenge to the jurisdictional fact of whether or not they're economically disadvantaged They presented evidence below Suggesting they very well may not be economically disadvantaged since they've had won over 130 million in Federal contracts and what happens then is that triggers the plaintiff's burden to set forth specific facts beyond the pleadings to show that there is a genuine issue of material fact with respect to that narrow question of economic disadvantage and The declaration fails to do that in a couple ways First it's incomplete. It fails to state whether he transferred any assets for less than market value in the past two years That's right there in the regulation. It's just a check the box three boxes to check on economic disadvantage And that's how they define assets in the in the regulation and they fail to state that It's not a big burden the declaration actually states that his net worth as calculated calculated by the regulation is less than 850,000 but that language as calculated by the regulation is not there when stating what his assets are which would include any transfers and More also this the entire declaration is subject to the caveat that it's only true to the best of Mr Here holders knowledge and belief that actually doesn't satisfy the evidentiary standard for creating a material dispute of fact It has to be based on his first-hand knowledge So having so you're talking about creating material issues of fact, which sounds to me like a summary judgment process At the 12b6 states, that's a little odd On 12b1 motion But that is what happens when there's a factual challenge on a jurisdictional question like article 3 standing and here We're not raising a factual challenge to all of standing which I agree with you would would generally be determined at summary judgment It's a very discrete fact in the same way You might ask whether or not someone was a citizen of Maryland to determine if you have personal jurisdiction It's a very discrete fact that they have access to the information of they either are or are not satisfying these Very three basic elements to be economically disadvantaged and all they had to do is present evidence Stating that they were in fact satisfying these elements to be economically disadvantaged and they well, okay There's the evidence thing again. I mean at some point you necessarily I guess have to bleed into the merit somewhat. I Mean, that's a fine line, right? You can't get too far into the merits I think that's certainly true. But here the elements of being economically disadvantaged are Black and white criteria set out in the regulation that have nothing to do with whether or not this is a violation You know, there's an equal protection violation here I think that's a very separate question from anything to do with the merits as to just whether or not They are eligible for the 8a program by meeting these basic requirements for economic disadvantage But this court could also hold that plaintiffs failed to allege that Mr. Hereholzer is socially disadvantaged That's another race neutral eligibility requirement for the 8a program that he fails to allege that he's satisfied Mr. Hereholzer Was twice denied admission Because he failed to make an individualized showing of social disadvantage and the complaint doesn't allege that anything has changed since then Again, this isn't a case where we have to imagine what will happen if the relief is granted What will happen is that everybody no matter who they are has to make that individualized showing of social disadvantage and Plaintiffs have failed to allege that that analysis would come out any differently that they would anyway be personally impacted by the removal of the presumption because they weren't eligible to begin with when they applied to the program because they failed to have make an individualized showing of social disadvantage at that time On The question of I Think also even if plaintiffs had alleged that they were eligible for the 8a program They also failed to allege that they have a concrete intent to and are ready and able to benefit from the 8a program By bidding on 8a contracts or otherwise taking advantage of the program benefits if admitted in the 8a program But the easiest way to resolve this case is on the question of redress ability and A question about your interpretation of Jacksonville because you made a distinction that somehow That case is different because it involved a competitive process among Contractors and this one is not because it just states objective criteria for eligibility, but here's the money quote from the Supreme Court that I think Is a bit of a problem for you It says when the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group a Member of that former group seeking the challenge the barrier need not allege That he would have obtained the benefit but for the barrier in order to establish standing That doesn't talk in terms of competition. It just talks about a benefit. This is a benefit, right? That's right your honor, but I think there's a difference between whether or not You you couldn't get the benefit or you're completely Ineligible to the start and the analysis that comes from is a little bit further down in that opinion It says plaintiffs have to show that they be ready and able to bid on contracts in other words They can't just allege that there's a burden to some opportunity that they're not even Viable contenders for in the first place. They have to show that there's a real chance. I get this opportunity. Maybe I won't But there's a real chance and you read able and ready as being qualified. You could read able and ready to simply being having the time and determination to file a bid I think the reason why it's tricky to Translate this analysis to the 8a program is because it's not competitive and that's why you see a competition And so I think ready and able does need to mean that you actually have the capabilities of providing and fulfilling that contract that you're gonna bid on some contracts and When you translate this theory of competitive injury or a barrier an unequal barrier unequal footing To admission to the 8a process. It doesn't really make sense because it's not a competition That's why you might see that kind of injury if you're challenging a college admission scheme And you don't know if you're gonna get admitted to the college, but there's this barrier That's making it more or less likely for you to get admitted but if you're a plaintiff trying to challenge a part of a college admission scheme and You don't have a high school diploma and that's a requirement for getting admitted to the college Then you're not gonna have standing and the reason why this is so important is it because creates a limiting principle Plaintiff's argument has no limiting principle They say that they have to be a small business, but they don't have to be economically disadvantaged or socially disadvantaged It doesn't make sense why you would draw the line there These are all race neutral requirements for admission to the 8a program And if you don't require them to be eligible for the benefit They're trying to compete for or get Then it would open the door to Walmart coming in and challenging this presumption or a five-year-old Challenging a part of a college admission scheme and the reason the Supreme Court has said repeatedly that we don't want the courthouse to become open to people who have Differences of views of values but are bystanders and don't have a personal stake in the dispute And so these principles I think are important and that applying City of Jacksonville in a context where there's not a competition And which as you said no matter how hard they try They're not going to get admitted to the 8a program because they don't meet black and white eligibility criteria Means would would would have no limiting principle for article 3 standing and would undermine those core principles that we're trying to protect If there are no further questions Should we Consider holding this matter in abeyance pending the ultimate decision This court certainly could we haven't made that request and I think that's because we think that this case can be Resolved on the issue of art lack of article 3 standing and dismissed and that That can happen independent of Ultima. There's no reason for the case to sit on the court's docket But of course this this court is welcome to hold in advance Thank you, Miss Noble, Mr. Roper Just a few quick points your honor Council said that the easiest way to resolve this is under address ability I think it's important to keep in mind that standing is determined as of the date The complaint was filed Nothing that has happened since that time with respect to Ultima or their changes of the program are relevant to standing Now they can be relevant to mootness if they rise to a level of mootness, which I think the government has disclaimed And I think also Just a minor point. I think the Ultima briefing As to remedy that is still ongoing and hasn't been resolved shows that there still is some concern as to whether the government is Still administering the program in in an unequal way But again, I think that that all does not know allegation of economic disadvantage on the day. The complaint was filed You said that happened in the declaration. Yeah until 2023 And I think to be clear here our view is that economic disadvantage does not have to be pled and proven now now if there is Evidence, that's that's already in the wreck social disadvantage. I'm sorry social disadvantage also doesn't have to be a social disadvantage I think the government has it exactly backwards here. It's if you could already show social disadvantage That's where you aren't harmed by the presumption The presumption causes harm when it makes it more difficult for you because you have to prove social disadvantage as opposed to being presumed Social disadvantage and admitted into the program. You agree appellant would have to be both socially disadvantaged and economically disadvantaged To be admitted into the program Yes, but neither of those things are alleged in your complaint I do think social disadvantage is alleged in the complaint paragraphs 54 to 62 now the the so far Mr. Here hold Holzer has been unable to convince the SBA that as a disabled veteran he is socially disadvantaged, right? And that has nothing to do with the presumption It doesn't but I but I think also it shows why the presumption is problematic here why it creates a barrier for him now The government's argument. I'm sorry explain Explain why what I mean either he's socially disadvantaged or he's not I mean it doesn't and social disadvantage It's not it's not a dollars and cents Figure it has to do with other qualitative things that the SBA considers I think that's why you can reapply because I do think that mr. Here Holzer could convince with this presumption or done away with could convince the SBA that he is socially disadvantaged And is qualified and should be admitted under the program. Didn't all that wasn't he awarded three thousand six hundred and thirty contracts? I mean a hundred and thirty million dollars because he's a disabled better We're talking about gross dollar amounts awarded to his company, which says nothing about his personal economic situation Which is all that is looked at under economic disadvantage about social disadvantage Yeah, and social disadvantage has to do with with whether you're subjected to cultural bias In a way that causes harm and we and we do think that he can show that as a disabled veteran Quickly the government says that it is factually challenged his economic disadvantage. How can he show that? the cultural bias as a disabled veteran He has several examples of where he was denied contracts on the basis of his veteran status And other ways things that he has granted. He has already submitted these to the SBA and and thus far they haven't been convinced But and that's the government wants to have it both ways with social disadvantage if you're not socially disadvantaged They say you can't challenge the presumption if you are socially disadvantaged They would say you're not injured by the presumption because you can already make it into the program Just quickly as to economic disadvantage I want to clear up an assertion that that my friend on the other side said which is to say that his Declaration she said was just based on knowledge and and belief or something like that His declaration clearly says and this is on Joint Appendix 94 95 My net worth as calculated pursuant to the statute is less than eight hundred fifty thousand dollars My adjusted gross income averaged over the three preceding years does not exceed four hundred thousand dollars The fair market value of all my assets does not exceed six point five million dollars yeah, she also pointed out that neither of those statements say as calculated by the Program it doesn't That's all he's talking about is is the regulation and how it applies here And we don't think that economic disadvantage has to be pled in the first place But even if it did to plaintiffs here clearly qualify as economically disadvantaged under the statute This is very different from a Walmart or a five-year-old coming in. This is a government contracting business where the Mr. Here holder has sworn that he satisfies the three requirements to the extent economic disadvantage needs to be shown It has been here Do you think the Supreme Court that the distinction Miss Noble made? In the Jacksonville case is one the Supreme Court actually made in its decision respective both competitor Standing and Being ready willing and able to but I don't think so I think the language your honor read is is exactly the the key principle and that is is there a barrier erected that makes it More difficult for you If so, you don't have to show that you'd ultimately go all the way to get there you just have to challenge show that the bearer makes it more difficult for you to be considered and For these reasons we ask the court to reverse the district. All right. Thank you. Mr. Roper. Thank you I want to thank both counsel for their able arguments. We'll come down and greet you and adjourn until tomorrow morning This honorable court stands adjourned until tomorrow morning God save the United States in this honorable court
judges: Albert Diaz, James Andrew Wynn, Stephanie D. Thacker